IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMOND WILSON, ) | |
|    ID # 851028, ) | |
|       Petitioner, ) | |
| ) | |
| vs. ) | No. 3:19-CV-2260-N-BH |
| ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|       Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on September 19, 2019 (doc. 3), should be **DENIED** with prejudice.

## I.    BACKGROUND

Demond Wilson (Petitioner), an inmate formerly incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges the denial of pre-revocation jail time credit for his 1998 aggravated robbery conviction in Cause No. 18,971 in the 354th Judicial District Court of Hunt County, Texas, under 28 U.S.C. § 2254. (*See* doc. 3 at 2.)[2] The respondent is the Director of TDCJ-CID (Respondent). (*See id.* at 1.)

**A.**    **State Court Proceedings**

In 1997, Petitioner was indicted for aggravated robbery in Cause No. 18,971 in the 354th Judicial District Court of Hunt County, Texas. (*See* doc. 17-23 at 51-53.) On May 18, 1998, after

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

entering a plea of no contest, the trial court deferred adjudication and placed him on a 10-year period of probation. (*See id.* at 55, 59-66.) On October 13, 1998, Petitioner's probation was revoked, and he was sentenced to 20 years' imprisonment in the TDCJ-CID. (*See id.* at 57-58.) He was released from TDCJ-CID custody on parole in 2009, and his parole was subsequently revoked in 2013, following his arrest on a pre-revocation warrant. (*See* doc. 17-21 at 23.) On March 16, 2015, he was again released on parole. (*See id.*)

On August 4, 2015, while on parole, Petitioner was arrested in Dallas County; he was charged with new offenses of evading arrest with a motor vehicle and unauthorized use of a motor vehicle in Case Nos. F-1541481 and F-1541482, respectively, remanded to the custody of the Dallas Sheriff's Office (DSO), and booked in Dallas County Jail on August 6, 2015. (*See* doc. 17-19 at 11; doc. 17-21 at 27.) On August 11, 2015, the TDCJ Parole Division issued a pre-revocation arrest warrant for Petitioner on his 1998 aggravated assault conviction. (*See* doc. 15-4 at 2; doc. 17-21 at 23.) On October 30, 2015, Petitioner was convicted in Cause Nos. F-1541481 and F-1541482 in the 363rd Judicial District Court of Dallas County, Texas, and was sentenced to concurrent terms of 5 years' imprisonment in the TDCJ-CID and 180 days' jail time, respectively. (*See* docs. 15-2, 15-3.) Petitioner was transferred to TDCJ-CID custody on December 1, 2015, and the pre-revocation warrant on his 1998 aggravated robbery conviction was executed on December 3, 2015. (*See* doc. 15-5; doc. 17-21 at 24.) On January 13, 2016, Petitioner's parole was revoked; he received jail credit toward his aggravated robbery conviction from the date the pre-revocation warrant was executed on December 3, 2015. (*See* doc. 17-21 at 23-24.)

After submitting at least one time dispute resolution (TDR) form seeking additional jail time credit on his aggravated robbery sentence, Petitioner filed a state habeas application that was received by the trial court on May 20, 2016, challenging the denial of jail time credit on his

2

aggravated robbery sentence for the time he spent in Dallas County custody from at least August 11, 2015, when the pre-revocation warrant was issued, through December 3, 2015, when the pre-revocation warrant was executed. (*See* doc. 17-23 at 4-21.) Following multiple remands from the Texas Court of Criminal Appeals requesting findings of fact, conclusions of law, and additional evidence, the trial court submitted findings and supplements recommending that Petitioner receive jail time credit for the period of August 11, 201,5 to December 3, 2015. (*See* doc. 17-19 at 8-9; doc. 17-21 at 19-21; doc. 17-22 at 6-7.) Rejecting the trial court's recommendation, on October 31, 2018, the Texas Court of Criminal Appeals denied the application because Petitioner "was eligible for bond before execution of the [pre-revocation] warrant and he does not show that he was restrained by the warrant until it was executed." (doc. 17-24 at 1-2; *see also* doc. 17-12.)

**B.    Substantive Claim**

Petitioner raises one ground in his § 2254 petition: "The Texas Court of Criminal Appeals erred by denying Petitioner's habeas corpus seeking credit for time spent in jail from 8/11/15 to 12/16/15 (115 days)." (doc. 3 at 5.) Respondent filed a response on February 14, 2020. (*See* doc. 15.) Petitioner did not file a reply.

## II.    APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003). The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### III. TIME CREDIT

In his sole ground, Petitioner alleges that he is entitled to "credit for time spent in jail from 8/11/15 to 12/16/15 (115 days)." (doc. 3 at 5.) He contends that "it is unconstitutional to deny

Petitioner the credit on his twenty year [sic] sentence for the time he spent in jail after the pre-revocation warrant was issued/published/active on August 11, 2015."[3] (doc. 5 at 11.) He argues that his "rights of due process and due course of law under the 6th and 14th Amendments to the United States Constitution and Art. 1 § 19 of the Texas Constitution which is based on those" were violated. (*Id.* at 12.)

The Fifth Circuit has generally held that "'there is no federal constitutional right to credit for time served prior to sentence.'" *Jackson v. Alabama*, 530 F.2d 1231, 1235 (5th Cir. 1976) (quoting *Gremillion v. Henderson*, 425 F.2d 1293, 1294 (5th Cir. 1970)); *see also Russo v. Johnson*, 129 F. Supp. 2d 1012, 1017 (S.D. Tex. 2001) (citing cases); *Johnson v. Director, TDCJ*, No. 4:15cv212, 2015 WL 6460416, at *5 (E.D. Tex. Oct. 26, 2015) ("There is no federal constitutional right to time credit for any period of confinement pending a state parole revocation."); *Patrick v. Dretke*, No. 3:01-CV-1683-N, 2004 WL 915591, at *15 (N.D. Tex. Apr. 28, 2004) ("[N]either the Constitution nor federal laws require pre-sentence jail credit."). The only exception is where the prisoner "is held for a bailable offense and is unable to make bail due to indigency . . . [and] he is upon conviction sentenced to the statutory maximum imposable sentence for the offense[.]" *Jackson*, 530 F.2d at 1236-37; *see also Dewberry v. Director*, No. 6:06cv124, 2006 WL 3759887, at *8 (E.D. Tex. Dec. 18, 2006) ("[W]here a prisoner is sentenced to the statutory maximum term, he must be given credit for all presentence jail time if he was unable to make bail due to indigence."). Here, Petitioner does not allege, and the record does not show, that he was sentenced to the statutory maximum sentence on the 1998 aggravated robbery conviction for which he seeks jail time credit.[4] Petitioner has therefore failed to show that he fits into the

---

[3] Petitioner does not appear to challenge the jail time credit he received on his 2015 convictions for evading arrest with a motor vehicle and unauthorized use of a vehicle. (*See* doc. 3 at 3; doc. 5 at 2.)

[4] Petitioner's 1998 aggravated robbery offense was a first-degree felony. (*See* doc. 17-23 at 57.) In Texas, first-degree

6

exception to the rule, and he has failed to establish a violation of a federal constitutional right to jail time credit for the period of time he spent in the Dallas County Jail between the issuance and the execution of his pre-revocation arrest warrant.

To the extent the § 2254 petition may be liberally construed to seek federal habeas relief based on a protected liberty interest created by state law, his claim also fails. Under Texas law, "any time spent in confinement pursuant to the execution of a pre-revocation warrant cannot be denied a parolee." *Ex parte Canada*, 754 S.W.2d 660, 668 (Tex. Crim. App. 1988) (en banc). Denying such time credit "violates due course of law under Article I, § 19, of the Texas Constitution." *Ex parte White*, 400 S.W.3d 92, 94 (Tex. Crim. App. 2013). Under § 508.253 of the Texas Government Code, "[i]f it appears a releasee has violated a condition or provision of the releasee's parole or mandatory supervision, the date of the issuance of the warrant to the date of the releasee's arrest is not counted as a part of the time served under the releasee's sentence." Tex. Gov't Code § 508.253. For purposes of § 508.253, the Texas Court of Criminal Appeals has held that an arrest occurs, and that time credit should accordingly run from, when the pre-revocation warrant "causes the defendant's confinement," regardless of whether the warrant has been executed or merely issued. *White*, 400 S.W.3d at 94.

Here, the Texas Court of Criminal Appeals denied Petitioner's habeas application on the basis that Petitioner was eligible for bond before the pre-revocation warrant was executed, and he did not show that he was restrained by the pre-revocation warrant until it was executed on December 3, 2015. (*See* docs. 17-12, 17-24.) The record shows that when the pre-revocation warrant was issued by the TDCJ Parole Division on August 11, 2015, Petitioner had been charged with new offenses of evading arrest with a motor vehicle and unauthorized use of a motor vehicle

---

felonies are punishable by a term of imprisonment from 5 to 99 years to life. *See* Tex. Pen. Code § 12.32(a).

7

and was in custody at the Dallas County Jail.  (*See* doc. 17-19 at 11; doc. 17-21 at 27.)  Affidavit testimony shows that Petitioner was eligible to post a bond for release from Dallas County Jail, and that the DSO had no record of a parole revocation warrant for Petitioner.[5]  (*See* doc. 17-19 at 10; doc. 17-21 at 48-49.)  Affidavit testimony also shows that the TDCJ Parole Division had no record that Dallas County notified it that Petitioner was in custody, and absent notification from the arresting agency or execution of the pre-revocation warrant by the arresting agency, the pre-revocation warrant did not prevent Petitioner from posting bond and being released from Dallas County Jail.  (*See* doc. 17-21 at 28.)  Additionally, from October 30, 2015, until the execution of the pre-revocation warrant, Petitioner was confined only on one of his new state convictions.  (*See id.* at 24; *see also* docs. 15-2, 15-3.)

      The resolution of factual issues by the habeas court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  Petitioner has failed to present any clear and convincing evidence to rebut the Texas Court of Criminal Appeals' factual determinations that he was eligible for bond before execution of the pre-revocation warrant and that he did not show he was restrained by the pre-revocation warrant prior to its execution.  He presents only conclusory allegations unsupported by the record to show that he was confined pursuant to the pre-revocation warrant under Texas law, which is insufficient to warrant relief under § 2254.  *See, e.g.*, *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir.

---

[5] The affidavit submitted to the habeas court by the DSO's Director of the Data Management Unit stated that even if Petitioner had posted bond after August 11, 2015, the DSO would not have released him from its custody if it had been notified of a parole revocation warrant.  (*See* doc. 17-21 at 48-49.)  As discussed, the DSO had no record of a warrant, however.  (*See id.*)

1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'").

Petitioner has failed to show that the decision denying his state habeas application was an unreasonable application of clearly established federal law or an unreasonable application of the facts in light of the evidence presented. Additionally, to the extent he seeks federal habeas relief based on an alleged misapplication or misinterpretation of state law by the Texas Court of Criminal Appeals in determining the jail time credit to which he was entitled on the 2015 pre-revocation warrant for his aggravated robbery conviction, it is beyond the scope of federal habeas review to review the correctness of the state habeas court's interpretation of state law. *See Wiggins v. Thaler*, 428 F. App'x 468, 471 (5th Cir. 2011) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.")); *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

## IV.  RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on September 19, 2019 (doc. 3), should be **DENIED** with prejudice.

**SIGNED this 24th day of June, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE